**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **In re:** | : |
| | : **Case No.: 22-13325** |
| **Thomas F Brennan, III** | : **Chapter 13** |
| | : **Judge Patricia M. Mayer** |
| **Debtor(s)** | : * * * * * * * * * * * * * * * * * |
| | : |
| **Thomas F Brennan, III** | : **Related Document # 75** |
| **Movant,** | : |
| vs | : |
| | : |
| **PNC Bank, National Association** | : |
| **Kenneth E. West** | : |
| **Respondents.** | : |
| | : |

**STIPULATION FOR SETTLEMENT OF DEBTOR'S MOTION TO VACATE ORDER OF JANUARY 23, 2024, AND REINSTATE STAY AS TO PROPERTY LOCATED AT 412 SUTTON AVENUE, FOLSOM, PA 19033 (DOCKET # 75)**

This matter coming to be heard on the *Motion to Vacate Order of January 23, 2024 and Reinstate Stay* (Dkt. #75) which was filed in this court by Thomas F Brennan, III ("Debtor"), by and through counsel (the "Motion")and the response thereto of PNC Bank, National Association ("Creditor"), Creditor and, have agreed to a course of action which will condition the continuation of the automatic stay upon certain provisions incorporated herein for the protection of Creditor; and Parties stipulate to the following and request a Court order confirming the same:

1. The Order Granting Motion for Relief From Stay PNC Bank National Association entered on January 23, 2024 at Docket No. 65 is hereby **VACATED.**

2. The Parties agree that the Chapter 13 Plan ("Plan") filed herein on behalf of Debtor provided that said Debtor was to make regular monthly mortgage payments to Movant outside of the Plan in a regular monthly fashion.

3. The Parties agree that in breach of said Plan, Debtor failed to make regular monthly mortgage payments to Movant and is currently in default for the months of October 2023 through June 2024, incurring a total post-petition arrearage of $15,784.42, which consists of 3 post-petition payments for October 1, 2023 through December 1, 2023 at $1,295.65 each, 6 post-petition payments for January 1, 2024 through June 1, 2024 at $1,258.27 each, foreclosure attorney fees and costs of $3,947.85 and bankruptcy fees of $400.00. The remaining $250.00 for defense of the Motion incurred to-date is not recoverable from the debtor.

4. In order to eliminate the post-petition delinquency, Debtor shall make an initial lump sum payment in the amount of $15,784.42 to the Creditor within ten (10) days of the Court Order approving this stipulation.

5. Debtor shall repay the total post-petition arrearage of $15,784.42 directly to the Movant.

6. Debtor shall submit ongoing monthly mortgage payments directly to the Creditor starting with the July 1, 2024 post-petition payment and to make all further payments on or before the date on which it is due.

7. Payments shall be sent to:

    PNC Bank N.A.
    3232 Newmark Drive
    Miamisburg, OH 45342

8. Upon completion of the repayment schedule listed above or tender of sufficient funds to bring the loan post-petition current, Debtor must continue to make timely post-petition mortgage payments directly to Movant in a regular monthly fashion.

9. The following are events of default under this Stipulation:

    a. Debtor's failure to remit an initial lump sum payment in the amount of $15,784.42within 10 days of the Court Order approving this stipulation;

    b. Debtor's failure to remit any future monthly mortgage payment on or before the date on which it is due;

10. In the event of a Default, Movant shall send a Notice specifying the Default, to Debtor and Debtor's counsel ("Notice"), allowing Debtor ten (10) days to cure the Default ("Cure Opportunity"). If the Default is not cured, Movant shall file a Certification of Default with the Court. The automatic stay shall be terminated as to Movant, its principals, agents, successors and/or assigns as to the subject property upon the Court's entry of an Order granting Movant's Certification of Default.

11. If Movant has to send a Notice of Default, the Debtor shall pay $100.00 per notice, as attorney fees, in addition to whatever funds are needed to cure the default prior to the expiration of the allowed cure period.

12. If the case is dismissed for any reason within the first 12 months of the Court Order approving this stipulation, the debtor shall be barred from re-filing another case for a period of one year.

13. This Stipulation remains in full force and effect in the event Debtor's case is dismissed by the Court and Debtor subsequently reinstates their case by order of the Court and/or the Movant obtains relief from stay and the stay is subsequently reinstated by order of the Court.

14. If this bankruptcy proceeding is converted to Chapter 7, dismissed except as set forth in paragraph 12 of this Stipulation, or discharged, this Stipulation shall be terminated and have no further force or effect.

MANLEY DEAS KOCHALSKI LLC

Dated: 06/12/2024

BY: /s/Alyk L. Oflazian

Alyk L. Oflazian (312912)
Manley Deas Kochalski LLC
P.O. Box 165028
Columbus, OH  43216-5028
614-220-5611; Fax 614-627-8181
Email: ALOflazian@manleydeas.com
Attorney for Creditor

Dated: 06/14/2024

BY: /s/Lawrence S. Rubin

Lawrence S. Rubin
337 West State Street
Media, PA 19063-2615
Email:  echo@pennlawyer.com
Attorney for Debtor

I do not object to the foregoing Stipulation without prejudice to any of the Trustee's rights and remedies.

/s/Jack Miller for the Office of the Chapter 13 Trustee

Kenneth E. West
1234 Market Street - Suite 1813
Philadelphia, PA  19107